IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES E. SIMMS,                    *
    Plaintiff

                        *

      v.                                  CIVIL ACTION NO.  AW-11-2420

                        *

THOMAS DANE,
    Defendants

                      ******

## <u>MEMORANDUM OPINION</u>

Seeking damage, Plaintiff, self-represented, filed suit against his privately retained attorney, Thomas Dane, for alleged legal malpractice committed during Defendant's presentation of Plaintiff in a civil rights case.  Plaintiff alleges that Defendant failed to advise him that he could seek compensation through the Criminal Injuries Compensation Board.  ECF No. 1.

Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) which shall be granted.  Plaintiff has also filed a Motion for Appointment of Counsel.  ECF No. 4.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779, 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). The Court finds from its review of the Complaint that Plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty. Furthermore, the Court concludes that Plaintiff's complaint is not of undue complexity.  In the exercise of its discretion, the court shall deny Plaintiff's request for appointment of counsel.

---

[1]    Under § 1915(e)(1), a court of the United States may request an attorney to represent any person

Because the plaintiff has been granted leave to proceed *in forma pauperis*, this Court may review the Complaint before service of process and dismiss the case if it has no factual or legal basis.  *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).    Upon review, this Court concludes that the case is subject to dismissal.

Two elements are essential to sustain an action under 42 U.S.C. § 1983.  Specifically, Plaintiff must demonstrate that: (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Because there is no allegation that Defendant Simms, a privately retained attorney, was acting under color of law the claims against him shall be dismissed.

To the extent Plaintiff seeks to otherwise invoke the federal question jurisdiction of this Court, no federal question arises in the controversy described in his Complaint.  Resolution of his grievance involves application of Maryland State laws.  Diversity of citizenship does not appear to exist in this case.  Plaintiff and Defendant are both Maryland residents.   Accordingly, the instant action must be dismissed. A separate order follows.

September 16, 2011                                    _____/s/_____
                                                      Alexander Williams, Jr.
                                                      United States District Judge

---

unable to afford counsel.